UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-8551-WM

UNITED STATES of AMERICA

V.

JOHN JOSEPH KITZELMAN,

        **Defendant.**

                                            /



FILED BY ____SW____ D.C.

Oct 22, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? NO

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? NO

                                               Respectfully submitted,

                                               MARKENZY LAPOINTE
                                               UNITED STATES ATTORNEY

By: _____

                                               Brian D. Ralston
                                               Assistant United States Attorney
                                               Court ID No.: A5502727
                                               500 S. Australian Avenue, Suite 400
                                               West Palm Beach, Florida 33401
                                               Telephone: (561) 820-8711
                                               Email: Brian.Ralston@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | Case No. 24-8551-WM |
| JOHN JOSEPH KITZELMAN, | ) | |
| Defendant(s) | ) | |

FILED BY ____SW____ D.C.
Oct 22, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 24, July 18 2024  in the county of  Palm Beach  in the
Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm and Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Corrine Martin, Special Agent DEA.
*Printed name and title*

Sworn to and attested to me by Telephone (Facetime)
per Fed. R. Crim. P.4(d) and 4.1

Date: October 22, 2024

_____
Judge's signature

City and state:  West Palm Beach, FL      William Matthewman United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Corrine Martin, being duly sworn, do depose and state:

## INTRODUCTION

1. I am a sworn Special Agent ("SA") with the Drug Enforcement Administration ("DEA") and have served as such since 2009. As a SA, I am authorized to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516, which includes offenses under Title 21, United States Code.

2. This affidavit does not contain all the information known to me about this investigation, rather it includes only the information necessary to establish a finding of probable cause in support of a criminal complaint and arrest warrant charging **John Joseph KITZELMAN** (hereinafter **"KITZELMAN"**) with a violation of Title 18, United States Code, Section 922(g)(1).

3. As a DEA Special Agent, I have personally conducted narcotics investigations and have been instructed in investigative techniques for federal crimes including the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, money laundering, maintaining places for the purposes of manufacturing, distributing or using controlled substances, possession of firearms by convicted felons and conspiracies to commit these offenses, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 856, 846, 952, 922 and 963, respectively.

4. The information contained in this affidavit is based upon my own personal knowledge, as well as information provided to me by other law enforcement officers and agents. This affidavit is submitted for the limited purpose of establishing probable cause. It does not contain all the information known to me concerning this investigation.

**PROBABLE CAUSE**

June 24, 2024
Traffic Stop #1 – Firearms and Narcotics

5. On June 24, 2024, deputies from the Palm Beach County Sheriff's (PBSO) conducted a traffic stop of a 2021 Dodge Ram truck, registered to and driven by John KITZELMAN, in West Palm Beach, Florida, as a result of an illegal window tint. KITZELMAN was accompanied by three other individuals. When a deputy asked for the vehicle registration and proof of insurance, the front seat passenger opened the glove compartment and deputies observed two firearms inside. As a result of this discovery, deputies removed the occupants of the truck and conducted a pat down for additional weapons. The occupants were detained outside of the vehicle and as deputies conducted further investigation, they learned KITZELMAN, as well as two of the other occupants, who were seated in the rear of the vehicle, had previously been convicted of felony crimes.

6. In an effort to identify the owner/possessor of the firearms, deputies conducted separate post *Miranda* interviews of the vehicle occupants. As this was occurring, deputies observed one of the backseat passengers, who was seated along the curb of the parking lot, throw several bags of a white substance, which later field tested positive for cocaine, into the bushes behind her. This was captured on video dashcam of one of the deputies' vehicles. During a post *Miranda* statement, the backseat passenger told deputies she and the other three occupants of the vehicle reside with KITZELMAN at his residence located at 5440 NW Comer Street, Port St. Lucie. When asked about the cocaine she threw into the bushes, she advised she found the cocaine in the truck. She refused to answer additional questions as to the cocaine and/or her knowledge or ownership of the firearms. During additional post *Miranda* interviews, neither KITZELMAN nor any other occupants claimed knowledge or ownership of the firearms or drugs, which the backseat passenger reported she "found" in the vehicle. The second backseat passenger confirmed he lived with

2

KITZELMAN in Port St. Lucie, admitted to smoking crack cocaine with KITZELMAN and advised that he had observed crack cocaine at KITZELMAN's house. The front seat passenger, was arrested after being found in possession of crack cocaine and the female backseat passenger was arrested for trafficking cocaine and tampering with evidence.

7. Deputies obtained DNA standards from KITZELMAN, as well as the two backseat passengers to assist in identifying the owner/possessor of the firearms. Deputies seized the firearms, described as a Ruger, LCP, .380 caliber pistol, with four (4) rounds of .380 ammunition and a Carl Walther, model CCP, 9mm pistol, with six (6) rounds of 9mm ammunition and submitted them to the PBSO evidence department. These firearms and their corresponding magazines were processed for the presence of DNA by PBSO. These swabs as well as the DNA standards collected from KITZELMAN and the two backseat passengers were preserved as evidence at PBSO.

July 17, 2024
Traffic Stop #2 – Firearms and Narcotics

8. On July 17, 2024, deputies from the Palm Beach County Sheriff's (PBSO) conducted a traffic stop of a 2022 Chevy Equinox, bearing a Tennessee license plate, driven by KITZELMAN, in West Palm Beach, Florida, as a result of a speeding violation. A search of the Tennessee license plate revealed the vehicle to be registered to KITZELMAN's former spouse, who was the front seat passenger. Following a positive K-9 alert to the presence of illegal drugs, agents searched the vehicle. Agents located and seized more than 50 grams of crack cocaine and two loaded firearms in the center console of the vehicle.

9. KITZELMAN, who was known to deputies to be a convicted felon from the encounter previously described herein, as well as three additional occupants were detained outside of the vehicle and interviewed. During post *Miranda* statements no one claimed knowledge or ownership

of the crack cocaine or the firearms. As deputies conducted further investigation, they learned the other three occupants of the vehicle had previously been convicted of felony crimes and reported to reside with KITZELMAN in Port St. Lucie.

10. Deputies obtained DNA standards from KITZELMAN and the other vehicle occupants to assist in identifying the owner/possessor of the firearms. Deputies seized the firearms, described as a Kimber, Micro 9, 9mm pistol, with six (6) rounds of 9mm Blazer ammunition and a Ruger, LCP, .380 pistol, with six (6) rounds of PerFecta .380 ammunition and submitted them to the PBSO evidence department. These firearms and their corresponding magazines were processed for the presence of DNA by PBSO. These swabs, as well as the DNA standards collected from KITZELMAN and the other vehicle occupants were preserved as evidence at PBSO. KITZELMAN and two of the vehicle occupants were released. The backseat passenger, who was also present and arrested on June 24, 2024, when KITZELMAN was detained, was arrested on this date, for possession of cocaine.

DNA Results, Interstate Nexus Examination, and Felony Conviction

11. On August 7, 2024, PBSO delivered the buccal swabs collected from KITZELMAN, as well swabs from the four firearms and magazines which are described herein to DNA Labs International for analysis. On October 2, 2024, agents received a certificate of analysis from DNA Labs International, which advised a DNA profile suitable for comparison was obtained from the buccal swabs from KITZELMAN. The analysis also revealed the following results and conclusions.

12. With respect to the Ruger, LCP, .380 pistol, serial number: 372534371, seized on July 18, 2024, swabs from the trigger guard, a DNA profile was obtained and indicates a mixture of at least three individuals, with at least one male contributor. KITZELMAN could not be excluded as

a contributor to this DNA profile. The DNA profile obtained from this item is approximately 580 quadrillion times more probable if the sample originated from KITZELMAN and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the body/frame and the grips of this same firearm, were combined into a single sample and the DNA profile obtained from the sample indicates a mixture of at least three individuals, with at least one male contributor. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 2.0 quintillion times more probable if the sample originated from KITZELMAN and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the magazine revealed a DNA profile, which indicates a mixture of at least two individuals with at least one male contributor. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 470 quadrillion times more probable if the sample originated from KITZELMAN and one unknown person than if it originated from two unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample.

      13. With respect to the Kimber, Micro 9, 9mm pistol, serial number: TB0012238, seized on July 18, 2024, swabs from the trigger guard, a DNA profile was obtained and indicates a mixture of at least three individuals, with at least one male contributor. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 3.6 trillion times more probable if the sample originated from KITZELMAN and two unknown persons than if it originated from three unknown persons. This analysis provides

very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the body/frame and the grips of this same firearm, were combined into a single sample and the DNA profile obtained from the sample indicates a mixture of at least three individuals, with at least one male contributor. This DNA profile was interpreted as four contributors. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 2.1 quintillion times more probable if the sample originated from KITZELMAN and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the magazine revealed a DNA profile, which indicates one male contributor. KITZELMAN could not be excluded as a contributor to this DNA profile. The chance that an unrelated person, chosen at random from the general population, would be a contributor to this DNA profile is approximately 1 in every 21 nonillion individuals.

  14. With respect to the Ruger, LCP, .380 pistol, serial number: 372534378, seized on June 24, 2024, swabs from the trigger guard, a DNA profile was obtained and indicates a mixture of at least four individuals, with at least two male contributors. KITZELMAN could not be excluded as a possible contributor to this DNA profile. The DNA profile obtained from this item is approximately 2.5 million times more probable if the sample originated from KITZELMAN and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the body/frame, grips and laser of this same firearm, were combined into a single sample and the DNA profile obtained from the sample indicates a mixture of at least four individuals, with at least two male contributors. KITZELMAN could not be excluded as a

contributor to this DNA profile. The DNA profile obtained from this item is approximately 1,400 times more probable if the sample originated from four unknown persons than if it originated from KITZELMAN and three unknown persons. This analysis provides moderate support for the proposition that KITZELMAN is not a contributor to the DNA obtained from the sample. Swabs from the magazine revealed a DNA profile, which indicates a mixture of at least three individuals with at least one male contributor. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 370 thousand times more probable if the sample originated from KITZELMAN and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample.

15. With respect to the Carl Walther, model CCP, 9mm pistol, serial number: WK135830, seized on June 24, 2024, swabs from the trigger guard, a DNA profile was obtained and indicates a mixture of at least three individuals, with at least one male contributor. This DNA profile was interpreted as four contributors. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 290 quadrillion times more probable if the sample originated from KITZELMAN and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the body/frame and the grips of this same firearm, were combined into a single sample and the DNA profile obtained from the sample indicates a mixture of at least four individuals, with at least two male contributors. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 10 trillion times more probable if the sample originated from KITZELMAN and three unknown persons than if it originated from four

unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample. Swabs from the magazine revealed a DNA profile, which indicates a mixture of at least three individuals with at least two male contributors. KITZELMAN could not be excluded as a contributor to this DNA profile. The DNA profile obtained from this item is approximately 52 million times more probable if the sample originated from KITZELMAN and three unknown person than if it originated from four unknown persons. This analysis provides very strong support for the proposition that KITZELMAN is a contributor to the DNA obtained from the sample.

16. On October 2, 2024, Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Vincent Rubbo, who is certified as an interstate nexus expert as it pertains to the manufacturing of firearms and ammunition, was able to examine the four firearms recovered from KITZELMAN. Special Agent Rubbo determined all the firearms and ammunition were manufactured outside of the State of Florida and therefore traveled in and affected interstate commerce.

17. As part of this investigation, agents conducted a query of the National Crime Information Center (NCIC) and confirmed that KITZELMAN has been convicted of seven felony crimes. Most recently, on March 16, 2003, KITZELMAN was indicted by a federal grand jury in the Southern District of Florida and charged with the offenses of possession of stolen firearms and possession of a firearm by a convicted felon. On April 28, 2004, KITZELMAN entered a plea of guilty to possession of a firearm by convicted felon and on July 9, 2004, KITZELMAN was sentenced to 188 months in the Bureau of Prisons, followed by five years of supervised release.

18. Based on the foregoing facts and my training and experience, I submit that there is probable cause to believe that on June 24, 2024 and on July 18, 2024, KITZELMAN did commit

the criminal offense of possession of a firearm and ammunition by a prohibited person in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
CORRINE MARTIN
Special Agent
Drug Enforcement Administration

Sworn to and attested to me by Affiant on
October 22 , 2024, by Telephone (Facetime)
per Fed. R. Crim. P.4(d) and 4.1

_____
HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: John Joseph Kitzelman

**Case No**:  24-8551-WM

Count #: 1

Possession of a Firearm and Ammunition by a Convicted Felon

18 U.S.C. § 922(g)(1)
* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**